U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
**FILED**
MAR 10 2015
IN OPEN COURT
JAMES W. McCORMACK, CLERK
BY: *Melanie Bear*
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA )
                         )
v.                       )   No. 4:13CR00326 BRW
                         )
JASON WOODRING           )

## PLEA AGREEMENT PURSUANT TO RULE 11(c)(1)(C)

The United States Attorney for the Eastern District of Arkansas, Christopher R. Thyer, by and through Michael Gordon, Assistant United States Attorney for said district, and JASON WOODRING, defendant, represented by the undersigned counsel, hereby agree to the following terms and conditions in connection with the above referenced proceedings.

1.  **GUILTY PLEA:** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant will enter a plea of guilty to: Destruction of an Energy Facility (Counts 2 and 3), a violation of Title 18, United States Code, Section 1366(a); Use of Fire to Commit a Felony (Count 4), a violation of Title 18, United States Code, Section 844(h); and Possession of a Firearm/Ammunition by an Unlawful User of a Controlled Substance (Count 8), a violation of Title 18, United States Code, Section 922(g)(3), as set forth in the Indictment. The defendant also agrees to Forfeiture Allegation One, as set forth in the Indictment. Upon the Court's acceptance of the defendant's plea of guilty in conformity with the terms of this Plea Agreement, the United States will move for the dismissal of the remaining charges against the defendant in the Indictment. This plea agreement is made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

2.  **ELEMENTS OF THE CRIME:**

    A.  The parties agree the elements of the offense charged in Counts 2 and 3

Ex. A

(Destruction of an Energy Facility) are:

    1. The defendant knowingly and willfully damaged or attempted to damage the property of an energy facility; and

    2. The damage in fact exceeded $100,000 (or, in the case of an attempt, the damage would have exceeded $100,000 if the offense had been completed); OR the defendant caused or attempted to cause a significant interruption or impairment of a function of an energy facility.

    B. The parties agree the elements of the offense charged in Count 4 (Use of Fire to Commit a Felony) are:

    1. The defendant knowingly used fire or an explosive;

    2. To commit a felony which may be prosecuted in a court of the United States.

    C. The parties agree the elements of the offense charged in Count 8 (Possession of a Firearm/Ammunition by an Unlawful User of a Controlled Substance) are:

    1. The defendant knowingly possessed a firearm/ammunition;

    2. At the time the defendant possessed the firearm/ammunition, the defendant was an unlawful user of a controlled substance as defined in 21 U.S.C. 802 or was addicted to a controlled substance as defined in 21 U.S.C. 802; and

    3. The possession of the firearm/ammunition was in or affecting commerce.

The defendant agrees that he is guilty of Counts 2, 3, 4, and 8 and that each of the elements for each offense is true.

3. **PENALTIES:**

    A. STATUTORY PENALTIES:

        1. The maximum penalty for the charge set forth in Counts 2 and 3 is not more than twenty (20) years imprisonment, not more than a $250,000 fine, not more than three (3) years supervised release, and a $100 special assessment (per count).

        2. The maximum penalty for the charge set forth in Count 4 is not less than ten (10) years but not more than life imprisonment (consecutive to the underlying felony), and/or a fine not to exceed $250,000, not more than five (5) years supervised release, and a $100 special assessment.

        3. The maximum penalty for the charge set forth in Count 8 is not more than ten (10) years imprisonment, and/or a fine not to exceed $250,000, not more than three (3) years supervised release, and a $100 special assessment.

    B. SUPERVISED RELEASE: Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. **WAIVERS**: The defendant acknowledges that he has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. The defendant

further understands that by entering into this Agreement and Addendum, he is waiving certain constitutional rights, including, without limitation, the following:

  A. The right to appeal or collaterally attack, to the full extent of the law, the conviction and sentence imposed, including any forfeiture or restitution order, as follows:

    (1) the defendant waives the right to appeal the conviction and sentence directly under Title 28, United States Code, Section 1291 and/or Title 18, United States Code, Section § 3742(a), including any issues that relate to the establishment of the Guideline range, except that the defendant reserves the right to appeal claims of prosecutorial misconduct and the defendant reserves the right to appeal the sentence if the sentence imposed is above the Guideline range that is established at sentencing;

    (2) the defendant expressly acknowledges and agrees that the United States reserves its right to appeal the defendant's sentence under Title 18, United States Code, Section 3742(b) and *United States v. Booker*, 543 U.S. 220 (2005);

    (3) the defendant waives the right to collaterally attack the conviction and sentence pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct;

    (4) the defendant waives the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2);

    (5) the defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any; and

    (6) the defendant waives the right to appeal the Court's determination of any forfeiture issues and subsequent forfeiture order, if any.

B. The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

C. The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

D. The right to confront and cross examine witnesses;

E. The right to testify in his own behalf if the defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant;

F. The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

5. **STIPULATIONS:** The United States and the defendant stipulate to the following Sentencing Guidelines issues for presentation of this case to the Court at sentencing:

A. **RULE 11 RECOMMENDATION**:

1. The defendant acknowledges that this plea agreement is governed by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and that the parties are recommending that the Court sentence the defendant to 15 years (180 months) imprisonment. The parties understand that the Court is not bound by this recommendation.

2. The defendant further understands that this plea agreement is governed by Fed. R. Crim. P. 11(c)(1)(C) and that, pursuant to Fed. R. Crim. P. 11(c)(5), if the Court rejects the plea agreement, then the Court will advise the defendant personally in open court that the Court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in a guilty plea that the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

B. **COUNT 2:**

    1. The parties agree and stipulate that, pursuant to Section 2B1.1(a)(1) of the Sentencing Guidelines, the base offense level is 7.

    2. The parties agree and stipulate that, pursuant to Section 2B1.1(b)(1)(H) of the Sentencing Guidelines, the base offense level shall be increased by 14 levels because the loss was more than $400,000 but was not more than $1,000,000.

    3. The parties agree and stipulate that, pursuant to Section 2B1.1(b)(15)(A) of the Sentencing Guidelines, the base offense shall be increased by 2 levels because the offense involved the reckless risk of death or serious bodily injury.

B. **COUNT 3:**

    1. The parties agree and stipulate that, pursuant to Section 2B1.1(a)(1) of the Sentencing Guidelines, the base offense level is 7.

    2. The parties agree and stipulate that, pursuant to Section 2B1.1(b)(1)(J) of the Sentencing Guidelines, the base offense level shall be increased by 18 levels because the loss was more than $2,500,000 but was not more than $7,000,000.

C. **COUNT 4:** The parties agree and stipulate that, pursuant to Section 2K2.4(a) of the Sentencing Guidelines, the guideline sentence is the minimum term of imprisonment required by statute (120 months consecutive to the underlying felony, i.e. Count 3) and that Chapters Three and Four of the Sentencing Guidelines shall not apply to Count 4 [handwritten: "4 MSG"].

D. **COUNT 8:**

    1. The parties agree and stipulate that the base offense level shall be determined pursuant to Section 2K2.1(a) of the Guidelines.

6

        2.        The parties agree and stipulate that, pursuant to Section 2K2.1(b)(1)(A) of the Guidelines, the offense level shall be increased by two (2) levels because the offense involved 3-7 firearms.

        **E.**        **CHAPTER 3 ADJUSTMENTS FOR COUNTS 2, 3, AND 8:**

        1.        The defendant is eligible for a 2-level decrease for acceptance of responsibility unless the defendant takes any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility. If the offense level is 16 or greater, the determination of whether the defendant is eligible for a third-level decrease for acceptance of responsibility will be made by the United States at the time of sentencing.

        2.        The parties agree and stipulate that no party will seek an increase or decrease in the offense level for "role" under Sections 3B1.1 and 3B1.2 of the Sentencing Guidelines.

        F.        The parties agree that no party will seek any additional offense level increases or decreases under Sections 2B1.1, 2K1.4, 2K2.1, or Chapter 3 of the Sentencing Guidelines except for those specifically identified in this Plea Agreement..

        G.        The parties understand that the Court is not bound by these stipulations, except as specifically governed by Fed. R. Crim. P. 11(c)(5). The defendant further understands that if the Court does not accept the stipulations, the defendant is not entitled to withdraw the guilty plea or otherwise be released from defendant's obligations under this Agreement and Addendum, except as provided by F.R.Crim. P. 11(d)(2)(A).

        6.        The defendant agrees and stipulates that he specifically waives any and all challenges to the searches, seizures, arrests and statements that have taken place as of the date of

the execution of this plea agreement by the defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought. Defendant will assist in executing any requested waiver of challenge and relinquishment of rights to any and all assets that have been seized to date in this investigation by any participating agency or department, in any forum where the forfeiture may be sought.

7. **SENTENCING GUIDELINES:** It is specifically understood by the defendant that the Sentencing Guidelines are not mandatory but are advisory, and that the Court is to consult them in determining the appropriate sentence. The defendant understands that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. The defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea, or otherwise avoid the defendant's obligations under this Agreement and Addendum, based upon the actual sentence imposed by the Court, except as provided by F.R.Crim. P. 11(d)(2)(A). The parties understand and agree that if the guideline range is greater or less than the defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or lesser than anticipated, neither the defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement and Addendum, except as provided by F.R.Crim. P. 11(d)(2)(A).

8. **ALLOCUTION:** The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.

9. **COOPERATION IN THE SENTENCING PROCESS:**

    A.    The defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the pre-sentence report, including, but not limited to, criminal history information. The defendant shall voluntarily provide a complete and truthful written accounting of the defendant's criminal history to the Probation Office.

    B.    The defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

    C.    The defendant understands and acknowledges that the defendant's obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but requires the defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether the defendant believes the arrest/conviction counts under the Sentencing Guidelines.

    D.    The defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

10. **FINANCIAL MATTERS:**

    A.    FINANCIAL STATEMENT: The defendant agrees to fully and truthfully complete a Financial Statement provided by the United States Probation Office.

    B.    FINES: The defendant understands that unless the Court determines that the defendant is financially unable to pay a fine, the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

    C.    SPECIAL PENALTY ASSESSMENT: The defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order

as directed by the Court. Cashier's checks or money orders should be made payable to "Clerk, United States District Court."

D. RESTITUTION: The defendant acknowledges that restitution is mandatory pursuant to Title 18, United States Code, Section 3663A. The defendant agrees to the entry of an order of restitution for the full amount of the victims' losses. The parties agree that the amount of restitution owed and the parties to whom restitution is owed shall be agreed to or otherwise determined at the defendant's sentencing hearing.

11. **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION**: The United States Attorney for the Eastern District of Arkansas will bring no further charges against the defendant for any acts or conduct arising out of the events described in the ~~Information~~ Indictment, which is the subject of this action, unless the defendant breaches this Agreement and Addendum.

12. **RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

13. **ASSET FORFEITURE AND FINANCIAL ACCOUNTABILITY**:

A. Defendant agrees to forfeit all interests in all property that (1) was used to commit and to promote the commission of the offenses charged in the Indictment/Information, (2) facilitated the offenses, and/or (3) the proceeds of the offenses charged in the Indictment including the following specific property:

    a) A firearm, to wit: a Mosin Nagant, model 91-30, 7.62X54R caliber rifle, serial number T131762;

b) A firearm, to wit: a Mossberg, model 835, 12 gauge shotgun, serial number UM480185;

c) A firearm, to wit: a Marlin, model 75, .22 caliber rifle, manufactured without a serial number;

d) A firearm, to wit: a Remington, model 870, 12 gauge shotgun, serial number B819409M;

e) A firearm, to wit: a New England Firearms, Model SB1, 20-gauge shotgun, bearing an obliterated serial number;

f) Ammunition, to wit: Sixty five (65) rounds of assorted Remington, Federal and Winchester, 12 gauge shotgun ammunition;

g) Ammunition, to wit: Twenty two (22) rounds of Russian manufactured, 7.62X54R caliber rifle ammunition;

h) Ammunition, to wit: Five (5) rounds of Remington brand, 20 gauge shotgun ammunition;

i) Ammunition, to wit: Sixty seven (67) rounds of Federal brand, 20 gauge shotgun ammunition;

j) Ammunition, to wit: Nine (9) rounds of Federal brand, .22 caliber rifle/pistol ammunition;

k) Ammunition, to wit: Seven (7) rounds of assorted Winchester and Federal, 12 gauge shotgun ammunition;

l) Ammunition, to wit: Forty one (41) rounds of Remington brand, 12 gauge shotgun ammunition;

11

m)  Ammunition, to wit: Sixty five (65) rounds of Winchester brand, 12 gauge shotgun ammunition;

n)  Ammunition, to wit: Five (5) rounds of Federal brand, 12 gauge shotgun ammunition.

o)  A firearm, to wit: A Remington, Model 597 (barrel and receiver only), .22 caliber rifle, bearing serial number A2735551.

B.  Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement. Defendant further agrees that forfeiture of assets described above shall not be counted towards satisfaction of any special assessment, fine, restitution, or any other penalty the court may impose.

C.  Defendant agrees not to assist any other individual in contesting the forfeiture of the assets described above and agrees that there was reasonable cause to seize those items.  Defendant also agrees to prevent the disbursement of any and all assets described above if the disbursements are within Defendant's direct or indirect control.

D.  Defendant further agrees to waive all interest in, and consents to the forfeiture of, any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and

12

waives any failure by the court to advise him of this, under to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

   E. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, including, but not limited to, the execution of the Consent Decree of Forfeiture and the completion of any other legal documents required for the transfer of title to the United States.

   14. **CIVIL CLAIMS BY THE GOVERNMENT:** Except to the extent otherwise expressly specified herein, this Agreement and Addendum does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters.

   15. **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT AND ADDENDUM**:

   A. Defendant acknowledges and understands that if the defendant violates any term of this Agreement and Addendum, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

    (1) terminate this Agreement and Addendum; or

    (2) proceed with this Agreement and Addendum and

      (a)  deny any and all benefits to which the defendant would otherwise be entitled under the terms of this Agreement and Addendum; and/or

      (b)  advocate for any sentencing enhancement that may be appropriate.

  B.  In the event the United States elects to terminate this Agreement and Addendum, the United States shall be released from any and all obligations hereunder. The defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter. If this Agreement and Addendum is terminated or if the defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement and Addendum.

  C.  The defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against the defendant as a result of defendant's breach of this Agreement and Addendum, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement and Addendum.

  D.  In the event that the Agreement and Addendum is terminated or if the defendant successfully moves to withdraw his plea, any statement made by the defendant in negotiation of, or in reliance on this Agreement and Addendum, including this Agreement, the stipulations in Paragraph 5 of this Agreement, and the plea colloquy:

      (1)  may be used in the United States' case in chief and to cross examine the defendant should he testify in any subsequent proceeding; and/or

14

    (2) any leads derived therefrom may be used by the United States.

The defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary, including Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f). Defendant has been advised of his rights pursuant to Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and waives these rights.

  16. **PARTIES:** This Agreement and Addendum is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state or local prosecuting, administrative, or regulatory authority.

  17. **MISCELLANEOUS:**

    A. MODIFICATION: No term or provision contained herein may be modified, amended or waived except by express written agreement signed by the party to be bound thereby.

    B. HEADINGS AND CAPTIONS: Subject headings and captions are included herein for convenience purposes only and shall not affect the interpretation of this Agreement and Addendum.

    C. WAIVER: No waiver of a breach of any term or provision of this Agreement and Addendum shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

  D. <u>RIGHTS AND REMEDIES CUMULATIVE</u>: The rights and remedies of the United States expressed herein upon any breach hereunder by the defendant are cumulative and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement and Addendum by defendant.

  E. <u>JOINT NEGOTIATION</u>: This Agreement and Addendum has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement and Addendum, but instead shall be interpreted according to the application of the general rules of interpretation for arms length agreements.

  18. **NO OTHER TERMS:** This document and the Addendum completely reflect all promises, agreements and conditions made between the parties, constitute the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

  19. **APPROVALS AND SIGNATURES**:

  A. <u>DEFENDANT</u>: The defendant has read this Agreement and Addendum and carefully reviewed every part of it with his attorney. The defendant understands and voluntarily agrees to the terms and condition of this Agreement and Addendum. Further, the defendant has consulted with his attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to the defendant, other than those expressly contained in this Agreement and Addendum. In addition, no one has threatened or forced the defendant in any way to enter into this Agreement and Addendum. Defendant further acknowledges that

16


defendant has entered into this Agreement and Addendum, consciously and deliberately, by defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement and Addendum constitutes the legal, valid and binding obligation of the defendant, fully enforceable against defendant in accordance with its terms. Finally, the defendant is satisfied with the representation of his attorney in this case.

        B.     DEFENSE COUNSEL: Defense counsel acknowledges that he is the attorney for the defendant, and that he has fully and carefully discussed every part of this Agreement and Addendum with the defendant. Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement and Addendum, including the possible consequences of not complying with this Agreement and Addendum. To counsel's knowledge, the defendant's decision to enter into this Agreement and Addendum is an informed and voluntary decision.

[END OF TEXT. SIGNATURE PAGE ATTACHED.]

DATED this \_\_\_10th\_\_\_ day of March, 2015.

                                              CHRISTOPHER R. THYER
                                              United States Attorney

                                              By: Michael Gordon
                                              Assistant United States Attorney
                                              TX Bar No. 00795383
                                              Post Office Box 1229
                                              Little Rock, Arkansas 72203
                                              (501) 340-2600
                                              michael.gordon@usdoj.gov

_____
JASON WOODRING
Defendant

_____
CHRIS TARVER
Attorney for Defendant